(32 Misc. Rep. 628.)

## KUSS v. FREID et al.

(City Court of New York, General Term.　October 29, 1900.)

1. MASTER AND SERVANT—DEFECTIVE SCAFFOLDING.

Laws 1897, c. 415, § 18, provides that a person employing another in erecting, repairing, or painting a building shall not furnish or cause to be .furnished unsafe or unsuitable scaffolding for the work. *Held*, that a master was liable for injuries sustained by the fall of a scaffold negligently erected by his servant.for the use of another servant, who did not know of the defect, and had nothing to do with its erection.

2. SAME—FELLOW SERVANTS.

Where an employé was injured by a scaffold negligently erected for his use by another employé, and it was the employer's duty· to furnish safe and suitable scaffolding for the work as provided by Laws 1897, c. 415, § 18, the fact that both servants were engaged in the same work for which the scaffolding was used did not make them fellow servants so that the master was relieved from liability for such injuries.

Appeal from trial term.

Action by Earnest Kuss against Isaac Freid and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

Nadal, Smyth, Carrere & Trafford, for appellants.

Louis Steckler, for respondent.

FITZSIMONS, C. J.　On May 31, 1899, plaintiff was employed by defendants to do certain painting in 81 Walker street, in this city. To do the work assigned him, he had to ascend to a scaffold erected by another employé of defendants, who had charge of said work for defendants. Plaintiff had nothing to do with the erection or placing of said scaffold. It was apparently safe and ready for the uses for which it was erected. Upon plaintiff's arrival on said day, he went to work thereon. While in that occupation the scaffold fell, and plaintiff with it. He was severely injured, and upon the trial recovered a judgment for $1,000. The scaffold in question was furnished by defendants, and erected by their servant or agent, to enable plaintiff to do his work. If defendants' servant erected the same in a careless and improvident manner, then defendants failed to perform the duty required of them by section 18 of chapter 415 of the Laws of 1897, which reads as follows:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting, of a house, building or structure, shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances, which are unsafe, unsuitable or improper, and which are not so constructed, placed or operated as to give proper protection to the life and limb of a person so employed or engaged."

This law compelled defendants, when they undertook to erect the scaffold in question, to do so in a careful and prudent manner. It should have been so erected as to safely bear the weight of any man or number of men who had cause to be upon the same for the purpose of. doing the work assigned him or them by defendants or

their agent. The fact that the man or men who erected the same also were employés upon the same work does not make him or them the fellow servants of plaintiff. So far as the work of erecting the scaffold in question is concerned, he or they represented the defendants, and for his or their negligent work the defendants are responsible. In our opinion, the submitted case clearly shows that the injuries in question were caused entirely because of the negligence of defendants, and that plaintiff was not guilty of contributory negligence. The verdict was just and reasonable, and, as no errors were committed, the judgment must be affirmed, with costs. All concur.